## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES G. HUNT,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0094** (BOR Appeal No. 2055672)
(Claim No. 2020023374)

**MEADOW RIVER HARDWOOD LUMBER, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner James G. Hunt, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Meadow River Hardwood Lumber, LLC ("Meadow River"), by counsel Toni J. Williams, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on June 10, 2020. On September 8, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated January 21, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Hunt filed a workers' compensation claim alleging an injury to his low back on April 20, 2020. According to his application for benefits, he injured his back picking up a 6-foot board at Meadow River Hardwood Lumber, LLC ("Meadow River"). An x-ray report of his lumbar spine revealed diffuse osteopenia, disc space narrowing with osteophytic lipping, and other degenerative changes.

Meadow River had reason to question Mr. Hunt's reported injury. An Employer's Accident/Incident Investigation Report completed by Human Resources Manager Debra Brackman on April 20, 2020, noted that Mr. Hunt stated that he injured himself at work at 9:00 a.m., while pulling a 6-foot board when he felt a catch in his lower back. Although there were no witnesses to the injury, he stated that he told Brandon Tincher about his injury. Further investigation by Ms. Brackman revealed that Mr. Hunt was not pulling a 6-foot board at 9:00 a.m. on April 20, 2020, as he had alleged. When Ms. Brackman asked Mr. Tincher about Mr. Hunt's injury, Mr. Tincher told Ms. Brackman that Mr. Hunt "did not tell him anything." After Mr. Hunt returned from Rainelle Medical Center, he told Ms. Brackman that he spoke with Bradley Ward and safety manager Doug Sykes about his injury, not Mr. Tincher. Mr. Ward subsequently informed Ms. Brackman that he "knew nothing" about Mr. Hunt's alleged injury. Mr. Sykes stated that he did not find out about Mr. Hunt's alleged injury until later in the day.[1]

In a letter dated April 20, 2020, Tearsa Keatley, PAC, stated that Mr. Hunt was seen at the Rainelle Medical Center for an injury he sustained at work. She placed limitations on his work activities and released him for light duty work only. In a follow-up note dated May 7, 2020, Ms. Keatley indicated that Mr. Hunt's pain was located in the lower left side of his back and traveled down his left leg. He also reported intermittent numbness and tingling in his left leg.

---

[1] Meadow River submitted a signed statement from Bradley Ward dated April 22, 2020, noting that he did not witness Mr. Hunt's alleged injury, and he was not asked for help when the alleged injury took place. A signed statement from William Sykes dated April 22, 2020, indicated that he did not witness Mr. Hunts alleged injury. Mr. Sykes further stated that he did not find out about Mr. Hunt's alleged injury until about 12:30 p.m.

Ms. Keatley diagnosed Mr. Hunt with lumbar back pain with radiculopathy affecting the lower left extremity, low back pain, and low back strain. She intended to seek approval for physical therapy and a possible MRI. In a progress note dated May 21, 2020, Ms. Keatley noted:

> "Provider explained to patient that I cannot keep him off from work indefinitely. That he will need to go and talk with his supervisor, boss, HR dept and discuss his concerns with returning to work. That if he doesn't want to return to work or doesn't feel he is able or willing, that is something he will need to discuss with them. That I can only wait for WC to approve or deny PT and possible MRI."

Mr. Hunt submitted an Employees' and Physicians' Report of Injury form dated June 2, 2020. Mr. Hunt alleged that he injured his low back on April 20, 2020, while lifting a board at work. The physician's portion of the Employees' and Physicians' Report of Occupational Injury was completed by staff at Rainelle Medical Center and indicates that he sustained an occupational injury that did not aggravate a prior injury. Ms. Keatley stated that Mr. Hunt's injury resulted in a low back sprain and low back pain. The claims administrator denied Mr. Hunt's application for workers' compensation benefits on June 10, 2020. In its Order, the claims administrator stated:

> "West Virginia Law 23-4-1 General Considerations, 'An award of a claim cannot be made in a workers' compensation case unless it is supported by satisfactory proof that the workman sustained a personal injury in the course of and resulting from his employment.'
>
> Medical evidence shows degenerative changes which are chronic and not acute.
>
> You indicated you were injured at 9:00 a.m. when you were puling [sic] lumber; however, your work schedule indicates you had rotated to a different task at 8:00 a.m.
>
> The witness you named denied knowledge of a work accident."

Mr. Hunt protested the claims administrator's Order of June 10, 2020.

Mr. Hunt continued to seek medical treatment from Ms. Keatley. In a progress note dated June 11, 2020, Ms. Keatley noted that, due to pain in his back and numbness in his feet, he was unable to work. He expressed, "I still can't work, and I really don't want to work." A neurological examination revealed no gross deficits, and Mr. Hunt displayed a normal gait and station. On June 15, 2020, Mr. Hunt reported that his back was feeling better, and he wanted to return to work. Ms. Keatley advised him about the risks of returning to work without testing and treatment. However, he chose to return to work despite Ms. Keatley's advice, and he released Rainelle Medical Center from any liability regarding his decision to return to work.

Meadow River submitted statements into the record from supervisors, management, and fellow co-workers which contradict Mr. Hunt's version of the facts. Initially, Mr. Hunt reported to Ms. Brackman that the incident occurred at 9:00 a.m. on April 20, 2020. Plant Manager, Lenny Waid, reported in a July 14, 2020, statement that Mr. Hunt would not have been moving boards after 8:00 a.m. on the morning of April 20, 2020, because his time of duty ended at 8:00 a.m., when he was reassigned to other job duties in another part of the plant following a ten-minute break. Mr. Waid also stated that Mr. Hunt told him on several occasions that he was going to retire in July 2020. A statement from General Manager Jeffrey Zangari, also dated July 14, 2020, noted that Mr. Hunt had told him that he planned on retiring in July 2020. A signed statement from supervisor Kerry Fleshman stated that Mr. Hunt did not report an injury to him on April 20, 2020. Mr. Fleshman stated that he did not know about the alleged injury until later in the day when he asked Ms. Brackman why Mr. Hunt was not at his workstation.

In a signed statement dated July 14, 2020, Ms. Brackman stated that Mr. Hunt came to see her around 12:30 p.m. on April 20, 2020, to report a back injury. She determined that Mr. Hunt was not pulling 6-foot boards at 9:00 a.m. on April 20, 2020, because that work was being performed by Bradley Ward. Ms. Brackman also noted that Mr. Hunt initially told her that he talked to Brandon Tincher about his injury. However, he later stated that he spoke to Bradley Ward and William Sykes about his injury, not Brandon Tincher.

Mr. Hunt was deposed on July 27, 2020, and testified that he sustained a work-related injury to his low back on April 20, 2020. He denied any injuries to his low back prior to April 20, 2020. He testified that the injury occurred between 8:20 a.m. and 8:25 a.m. He stated that his work-shift began at 6:00 a.m. when he began loading boards of lumber in the back of the mill. He was being assisted by Brad Ward. While Mr. Hunt and Mr. Ward were moving one of the boards, he developed a sharp pain in the lower left side of his back. Mr. Hunt told Mr. Ward that he had injured his back. At that point, Mr. Fleshman told him to go to the office to see the secretary. Although Mr. Hunt did not specifically tell Mr. Fleshman that he sustained an injury, he assumed Mr. Fleshman sent him to the office because he knew he was hurt.

In a Final Decision dated September 8, 2020, the Office of Judges affirmed the claims' administrator's rejection of the claim and found that Mr. Hunt failed to show by a preponderance of the evidence that he sustained a compensable injury in the course of and resulting from his employment. The Office of Judges reasoned that the statements of Ms. Brackman, Mr. Waid, Mr. Ward, Mr. Sykes, and Mr. Fleshman contradict many of Mr. Hunt's statements regarding the alleged injury and undermine the overall credibility of his reported symptoms. Additionally, the Office of Judges noted that the record contains evidence indicating that Mr. Hunt reported symptoms predating the alleged incident of April 20, 2020. In an Order dated January 21, 2021, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Final Decision.

After review, we agree with the decision and reasoning of the Office of Judges, as affirmed by the Board of Review. Mr. Hunt's claim rests primarily upon his assertion that he injured his low back on April 20, 2020, while moving boards at work. However, his sworn testimony and statements in the claim are contradicted by the statements of his supervisors and

fellow co-workers. The medical record includes evidence showing that Mr. Hunt was treated in June 2018 for complaints of a "tearing sensation" in his low back and numbness and coldness in both feet. The Office of Judges correctly determined that Mr. Hunt has failed to show by a preponderance of the evidence that he sustained a compensable injury in the course of and as a result of his employment on April 20, 2020.

Affirmed.

**ISSUED: April 20, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment